**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4789**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

ERICK ALLEN OSBY,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Mark S. Davis, Chief District Judge. (4:19-cr-00009-MSD-LRL-1)

Submitted: December 21, 2020               Decided: December 31, 2020

Before KING and THACKER, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Caroline S. Platt, Appellate Attorney, Suzanne V. Suher Katchmar, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Aident Taft Grano, Assistant United States Attorney, Alexandria, Virginia, Peter Gail Osyf, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Erick Osby appeals the 87-month sentence imposed following his jury convictions for possession with intent to distribute heroin and possession with intent to distribute cocaine, both in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the sentencing court erred by using acquitted and uncharged conduct to enhance Osby's advisory Sentencing Guidelines range. Although notified of his right to do so, Osby has not filed a pro se supplemental brief.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). To pass muster under this review, the sentence must be both procedurally and substantively reasonable. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If a sentence is free of "significant procedural error," then this court reviews it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

We discern no procedural error in the sentence. The district court properly calculated the advisory Guidelines range, responded to the parties' non-frivolous arguments, and applied the § 3553(a) factors. Moreover, as counsel concedes, the district court's consideration of Osby's acquitted conduct at sentencing is permitted by this court's precedent. *See United States v. Grubbs*, 585 F.3d 793, 798-99 (4th Cir. 2009) ("[C]lear Supreme Court and Fourth Circuit precedent hold[] that a sentencing court may consider uncharged and acquitted conduct in determining a sentence, as long as that conduct is proven by a preponderance of the evidence."). We further conclude that the sentence is substantively reasonable. It fell within the Guidelines range and there is nothing in the record to rebut the presumption of reasonableness therefore accorded to it. *See Louthian*, 756 F.3d at 306.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Osby, in writing, of the right to petition the Supreme Court of the United States for further review. If Osby requests that counsel file such a petition, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that counsel served a copy thereof on Osby.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3